IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                     Civil Action No.: 14-C-1196

MILWAUKEE MONTESSORI SCHOOL
345 North 95th Street
Milwaukee, Wisconsin 53226,

        Defendant.

## CONSENT DECREE

### Introduction

This matter is before the Court for entry of a Consent Decree agreed upon by the Parties, Plaintiff United States of America and Defendant Milwaukee Montessori School ("the School"). The United States alleges that the School discriminated against a child with a disability and members of his family in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.* The child in question, identified in the Complaint as M.K., who at the relevant time was a student at the School (having enrolled after he turned 18 months old), has a rare neuromuscular disability. The alleged discrimination underlying this lawsuit includes both direct and associational discrimination related to Milwaukee Montessori School's failure to make reasonable modifications to policies, practices, or procedures for M.K. and its disenrollment of M.K. from the school based on his disability.

This Court has jurisdiction over this action under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. § 12188.  The parties agree that venue is appropriate.  The United States and Milwaukee Montessori School agree that it is in the Parties' best interests, and the United States believes it is in the public interest, to fully and finally resolve this matter on mutually agreeable terms without resort to protracted litigation.  The Parties hereby agree and stipulate to the Court's entry of all aspects of this Consent Decree in resolution of the United States' Complaint against Milwaukee Montessori School.

Accordingly, the parties hereby AGREE and the Court expressly APPROVES, ENTERS AND ORDERS THE FOLLOWING:

**Parties**

1. Plaintiff is the United States of America.

2. Defendant is Milwaukee Montessori School ("the School"), an independent, private, co-educational Montessori day school, serving children from 18 months old through eighth grade, located at 345 N. 95th Street, Milwaukee, Wisconsin 53226.

3. The School is a public accommodation within the meaning of 42 U.S.C. § 12181(7).

**Injunctive Relief**

4. <u>General Obligations</u>.  The School shall comply with the requirements of 42 U.S.C. § 12182 of the ADA and its implementing regulation at 28 C.F.R. Part 36.  The ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation.  42 U.S.C. § 12182(a); 28 C.F.R. § 36.201.  That mandate includes, but is not limited to, the following:

a. The School shall make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, pursuant to 42 U.S.C. § 12182(b)(2)(A)(ii) and 28 C.F.R. § 36.302;

b. The School shall not deny an individual on the basis of disability the opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodations of the School, pursuant to 42 U.S.C. § 12182(b)(1)(A)(i) and 28 C.F.R. § 36.202; and

c. The School shall not deny equal goods, services, facilities, privileges, advantages, accommodations, or other opportunities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association, pursuant to 42 U.S.C. § 12182 (b)(1)(E) and 28 C.F.R. § 36.205.

In addition, and pursuant to the prohibition of the discriminatory application of eligibility criteria under 42 U.S.C. § 12182(b)(1)(D) and 28 C.F.R. § 36.301(a), the School shall immediately cease to reference a prerequisite or otherwise require that to enroll in any of the School's programs, children must be able to walk independently.

5. <u>Establishment of Disability Nondiscrimination Policy</u>.  Within ten (10) business days of the entry of this Consent Decree, the School shall adopt a Disability Nondiscrimination Policy that will expressly provide that:

a. The School does not discriminate against any individual on the basis of disability, including against applicants or members of their families, students or members of their families, and employees or members of their families.

3

b. Applicants and students with disabilities have an equal opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, and accommodations provided by the School.

c. The School may not deny admission to or disenroll a child on the basis of the child's diagnosis or simply because the child has a disability.

d. The School will make reasonable modifications to its policies, practices and procedures when the modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

e. Requests for reasonable modifications to the School's policies, practices and procedures may be directed to any of the School's employees or members of the School's Board of Trustees either formally (as in writing) or informally (as in orally) and will be timely referred (within one business day of the receipt of the request) to the appropriate members of the School's administration to ensure that no individual with a disability is denied the goods, services, facilities, privileges, advantages, or accommodations to which he or she is entitled under the Americans with Disabilities Act.

6. <u>Publication/Dissemination of Disability Nondiscrimination Policy</u>. The Disability Nondiscrimination Policy established pursuant to the immediately preceding paragraph shall be published/disseminated as follows:

a. Within ten (10) business days of the entry of this Consent Decree, the Disability Nondiscrimination Policy shall be included in all Milwaukee Montessori School handbooks (in both hard copy and online versions), including the Family

Handbook, the Employee Handbook, the Operations Handbook, and any other handbooks used by employees or distributed to families with children enrolled in any Milwaukee Montessori School program, for at least the Term of this Consent Decree.

b. Within ten (10) business days of the entry of this Consent Decree, the full text of the Disability Nondiscrimination Policy shall be accessible from a new tab entitled "Nondiscrimination Statement/Policy," to be located between the existing "Admissions" and "MMS Parents" tabs on the Milwaukee Montessori School homepage at http://www.milwaukee-montessori.org/, for at least the Term of this Consent Decree.

c. The posting/publication of the revised Disability Nondiscrimination Policy required under this paragraph shall, in all instances, occur in Times New Roman font with a minimum font size of 12 point.

7. <u>Revision and Publication/Dissemination of Nondiscrimination Statement</u>. Within ten (10) business days of the entry of this Consent Decree, the School shall revise its existing nondiscrimination statement(s) (such as the one currently posted at http://www.milwaukee-montessori.org/Admissions/Apply.htm) to expressly include "disability" as one of the protected statuses on which the School does not discriminate. In addition:

a. Within ten (10) business days of the entry of this Consent Decree, the revised Nondiscrimination Statement shall be included prominently on all hard copy and online Milwaukee Montessori School forms and publications in use for at least the Term of this Consent Decree (including, but not limited to, the School's

5

"Application for Admission," program brochures, parental authorization forms, and welcome letters, and future Annual Reports).

b. Within ten (10) business days of the entry of this Consent Decree, the revised Nondiscrimination Statement shall be included in all Milwaukee Montessori School handbooks (in both hard copy and online versions), including the Family Handbook, the Employee Handbook, the Operations Handbook, and any other handbooks used by employees or distributed to families with children enrolled in any Milwaukee Montessori School program, for at least the Term of this Consent Decree.

c. Within ten (10) business days of the entry of this Consent Decree, the full text of the revised Nondiscrimination Statement shall be accessible from the Milwaukee Montessori School internet homepage from a new tab entitled "Nondiscrimination Statement/Policy," to be located between the existing "Admissions" and "MMS Parents" tabs on the Milwaukee Montessori School homepage at [http://www.milwaukee-montessori.org/](http://www.milwaukee-montessori.org/), for at least the Term of this Consent Decree.

d. The posting/publication of the revised Nondiscrimination Statement required under this paragraph shall, in all instances, occur in Times New Roman font with a minimum font size of 12 point.

8. <u>Training</u>. Within sixty (60) calendar days following the entry of this Consent Decree, the School will develop a training program ("ADA Training") that shall be provided to the individuals identified in this paragraph within ninety (90) calendar days of the entry of this Consent Decree and every year thereafter for the term of this Consent Decree. The School shall

6

provide ADA Training to 1) all individuals who, on behalf of the School, provide any instruction or care to any Milwaukee Montessori School student; 2) all Milwaukee Montessori School administrators, including, but not limited to, the Head of School, Director of Admission, and all persons involved in providing office/professional support to the School on Milwaukee Montessori School property; and 3) the Milwaukee Montessori School Board of Trustees, as follows:

    a. The ADA Training shall address:

        i. the requirements of Title III of the ADA;

        ii. the existence and general content of this Consent Decree and a description of where training participants may access a copy of this Consent Decree;

        iii. The School's nondiscrimination obligations under the ADA, including specifically the "General Obligations" outlined at Paragraph 4 of this Consent Decree;

        iv. the reporting obligations under Paragraph 9 of this Consent Decree; and

        v. the fact that requests for disability-related reasonable modifications to Milwaukee Montessori School policies, practices and procedures may be directed to any of the School's employee or members of the School's Board of Trustees, either formally (as in writing) or informally (as in orally) and the obligation timely to refer any such requests (within one business day of the receipt of the request) to the appropriate members of the School's administration so that they will be acted on promptly to ensure that no individual with a disability is denied the goods, services,

facilities, privileges, advantages, or accommodations to which he or she is entitled under the Americans with Disabilities Act.

b. The ADA Training shall be conducted by an individual with substantive knowledge of the ADA and who is not an employee of the School. The ADA Training shall be conducted live, with a question and answer session (where persons being trained may pose questions to the individual conducting the training and receive answers to those questions) at the conclusion of the ADA Training.

c. For persons who must receive ADA Training pursuant to this Consent Decree, but who did not receive training on a designated training date required under this Consent Decree (for instance, because they were on leave from the School or because they began their affiliation with the School subsequent to the training date), the School shall provide the ADA Training to such persons within sixty (60) days after the individual's commencement of service to the School in a position covered by the ADA Training or within sixty (60) days of their return to the School (for instance, from leave).

d. The School shall send via electronic mail to the Department (to the attention of anne.langford@usdoj.gov) the proposed curriculum for the training, as well as the name(s), qualifications (including resume(s)), and contact information of the individual(s) who will conduct the training, no later than thirty (30) calendar days after the entry of this Consent Decree. The School shall adopt any changes to the curriculum communicated to it by the Department.

e. For each session of the ADA Training conducted under this Consent Decree (including for each instance of the ADA Training conducted on a non-designated

8

training date pursuant to subsection "c" of this paragraph), the School shall maintain attendance logs reflecting the names and titles of attendees.

9. <u>Reporting</u>.

    a. <u>Initial Regular Report</u>:  One hundred-twenty (120) calendar days following the entry of this Consent Decree, the School shall submit a report to the Department confirming its implementation of the policies referenced in Paragraph 5 ("Establishment of Disability Nondiscrimination Policy"), Paragraph 6 ("Publication/Dissemination of Disability Nondiscrimination Policy"), Paragraph 7 ("Revision and Publication/Dissemination of Nondiscrimination Statement"), and its fulfillment to that date of the requirements of Paragraph 8 ("Training"). The School shall provide the Department with the attendance logs maintained pursuant to the ADA Training that it will have conducted pursuant to this Consent Decree by the time of the Initial Regular Report.

    b. <u>Subsequent Regular Reports</u>:  For the Term of this Consent Decree, every year on the anniversary of the due date of the First Regular Report the School shall submit a Subsequent Regular Report to the Department regarding its compliance with this Consent Decree. The report shall include, for the period subsequent to its immediately prior report to the Department, the following:

        i. All dates of the School's ADA Training conducted pursuant to this Consent Decree;

        ii. All attendance logs associated with the ADA Training conducted pursuant to this Consent Decree; and

9

Case 2:14-cv-01196-LA   Filed 10/09/14   Page 9 of 15   Document 7

iii. Its continued fulfillment of the publication/dissemination obligations of Paragraph 6 ("Publication/Dissemination of Disability Nondiscrimination Policy") and Paragraph 7 ("Revision and Publication/Dissemination of Nondiscrimination Statement").

c. <u>Immediate Reports</u>: During the Term of this Agreement, the School shall notify the United States within fifteen (15) business days of the School's:

   i. Decision not to enroll a child with a disability in any of its programs or services. Such notification shall include all documents (including, but not limited to, application materials and internal and external email correspondence) relating to the application for admission and the decision not to enroll the child.

   ii. Decision to disenroll a child with a disability from any of its programs or services. Such notification shall include all documents (including, but not limited to, internal and external email correspondence) relating to the decision to disenroll the child from the School.

   iii. Decision not to make a modification in Milwaukee Montessori School policies, practices, or procedures, when requested by or on behalf of an individual with a disability. Such notification shall include all documents (including, but not limited to, internal and external email correspondence) relating to the decision not to make the modification in question.

   iv. Knowledge of any lawsuit, written complaint, charge, or other allegation that the School has engaged in disability-based discrimination and/or violated the ADA. Such notice will include, at a minimum, a description

of the nature of the allegation, the name(s) of the individual(s) bringing the allegation, and all documentation possessed by the School relevant to the allegation.

d. All reports required pursuant to this Agreement shall be delivered to the undersigned counsel via electronic mail at anne.langford@usdoj.gov, with a copy to roberta.kirkendall@usdoj.gov.

**Monetary Relief**

10. Within ten (10) business days of the School's receipt of the completed release attached hereto as Attachment A, the School agrees to pay and deliver fifty thousand dollars ($50,000.00) in compensatory damages to the individuals identified in the United States' Complaint in this matter as L.K., T.K., and M.K., by check made payable to L.K. and T.K. in their full legal names as identified in the completed version of Attachment A.

**Civil Penalty**

11. The School shall issue a check or money order in the amount of $5,000 (five thousand dollars), payable to the "United States Treasury" as a civil penalty, pursuant to 42 U.S.C. § 12188(b)(2)(C) and 28 C.F.R. § 36.504(a)(3). Counsel for Defendant shall deliver the check or money order, via Federal Express, to counsel for the United States within ten (10) business days of the effective date of this Decree. This check shall be sent via overnight courier delivery to: Chief, ATTN: US v. Milwaukee Montessori School – DJ # 202-85-80, Disability Rights Section, Civil Rights Division, United States Department of Justice, 1425 New York Avenue, NW, 4th Floor, Washington, DC 20005.

## Implementation and Enforcement

12. <u>Effective Date</u>.  The effective date of this Decree is the date that the Court enters the Decree.

13. <u>Term</u>.  The duration of this Decree will be three (3) years from the Effective Date.

14. <u>Retention of Jurisdiction</u>.  The Court shall retain continuing jurisdiction for the duration of the Decree to enforce the terms of the Decree.  The United States may apply to the Court for such further orders as may be necessary for, or consistent with, the enforcement of this Decree.

15. <u>Non-Waiver</u>.  Failure by the United States to enforce any provision of this Decree shall not be construed as a waiver of its right to enforce other provisions of the Decree.

16. <u>Titles</u>.  Titles and other headings contained in this Decree are included only for ease of reference and shall have no substantive effect.

17. <u>Severability</u>.  If any term of this Decree is determined by any court to be unenforceable, the other terms of this Decree shall nonetheless remain in full force and effect.

18. <u>Binding Nature of Consent Decree</u>.  This Decree shall be binding upon the School, its agents and employees.

19. <u>Authority</u>.  The signatories represent that they have the authority to bind the respective parties identified below to the terms of this Decree.

20. <u>Entire Agreement</u>.  This Decree, including Attachment A, constitutes the entire agreement between the United States and the School on the matters raised herein and no other statement or promise written or oral, made by any party or agents of any party, that is not contained in this written Decree, including its attachments, shall be enforceable.

21. <u>Other Violations</u>.  This Decree shall have no impact upon the rights or claims of any other individual not identified in this Decree who has made, or may make, claims against the School for issues discussed herein.  This Decree is not intended to remedy any other potential violations of the ADA or any other law, other than the violations alleged in the United States' Complaint in the above-captioned matter.  Nothing in this Decree shall preclude the United States from filing a separate action under the ADA for any alleged violation not covered by this Decree.

22. <u>Continuing Responsibility</u>.  This Decree does not affect the School's continuing responsibility to comply with all aspects of the ADA.

SO ORDERED this 9th day of October, 2014.

                                                    s/ Lynn Adelman
                                                    _____
                                                    United States District Judge

By their signatures below, the Parties respectfully consent to the entry of all aspects of this Consent Decree.

**FOR THE UNITED STATES OF AMERICA:**

|  |  |
|---|---|
|  | ERIC H. HOLDER, JR.<br>Attorney General of the United States |
| JAMES L. SANTELLE<br>U.S. Attorney for the Eastern<br>District of Wisconsin<br>Office of the United States Attorney<br>517 E. Wisconsin Ave., Ste. 530<br>Milwaukee WI 53202<br>(414) 297-1700<br>james.santelle@usdoj.gov | MOLLY J. MORAN<br>Acting Assistant Attorney General<br>Civil Rights Division<br><br>EVE L. HILL<br>Deputy Assistant Attorney General<br>Civil Rights Division<br><br>REBECCA B. BOND<br>Chief<br>KATHLEEN P. WOLFE<br>Special Litigation Counsel<br>ROBERTA KIRKENDALL<br>Special Legal Counsel<br>Disability Rights Section<br>Civil Rights Division |
| /s/ Lisa T. Warwick<br>LISA T. WARWICK<br>Wisconsin State Bar No. 1017754<br>Assistant United States Attorney<br>Office of the United States Attorney<br>517 E. Wisconsin Ave., Ste. 530<br>Milwaukee, WI 53202<br>(414) 297-1700<br>lisa.warwick@usdoj.gov<br><br>September 29, 2014<br>Date | /s/ Anne E. Langford<br>ANNE E. LANGFORD<br>Trial Attorney<br>Disability Rights Section<br>Civil Rights Division<br>U.S. Department of Justice<br>950 Pennsylvania Avenue, N.W. – NYA<br>Washington, DC 20530<br>Telephone: (202) 616-2727<br>Fax: (202) 307-9775<br>anne.langford@usdoj.gov<br><br>September 29, 2014<br>Date |

**FOR MILWAUKEE MONTESSORI SCHOOL:**

/s/ Monica Van Aken
MONICA VAN AKEN
Head of School
Milwaukee Montessori School
345 N. 95th Street
Milwaukee, WI 53226


September 24, 2014
Date



APPROVED AS TO FORM:

/s/ Mary L. Hubacher
MARY L. HUBACHER
Buelow Vetter Buikema Olson & Vliet, LLC
20855 Watertown Road, Suite 200
Waukesha, WI 53186


September 24, 2014
Date

15

Case 2:14-cv-01196-LA   Filed 10/09/14   Page 15 of 15   Document 7